# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC KROHM, individually and on behalf of similarly situated individuals, <br><br> *Plaintiff*, <br><br> vs. <br><br> EPIC GAMES, INC., a Maryland corporation, <br><br> *Defendant*. | Civil Action No. <br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT defendant Epic Games, Inc. ("Defendant" or "Epic Games"), by and through its counsel, Kelley Drye & Warren LLP, respectfully request that the above-captioned action (the "State Court Action") be removed from the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "Cook County Circuit Court") to the United States District Court for the Northern District of Illinois, Eastern Division under 28 U.S.C. § 1441(a) on the following grounds:

## BACKGROUND

1. Plaintiff Eric Krohm initiated the State Court Action on February 15, 2019, by filing a Class Action Complaint and Jury Demand (the "Complaint") in *Eric Krohm, et al. v. Epic Games, Inc.,* Case No. 2019-CH-02032, in the Cook County Circuit Court. True and correct copies of the Complaint, *pro forma* motion for class certification, summons, and waiver of service, which are all of the process, pleadings, or orders to date of which Defendants are aware, are attached to this Notice of Removal as "Exhibit A," as required by 28 U.S.C. § 1446(a).

2. Plaintiff alleges in his Complaint that he "brings this Class Action Complaint against Epic Games, Inc., …due to its alleged actions and inactions resulting in a…cybersecurity vulnerability (the "Vulnerability") in Defendant's global-hit video game, Fortnite." Ex. A, Compl.

at p. 1. The Complaint recites four counts: Count I, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; Count II, breach of contract; Count III, breach of implied contract; and Count IV, negligence. Plaintiff's Prayer for Relief seeks: 1) "actual, compensatory, and/or punitive damages;" 2) "identity fraud monitoring and mitigation services for a reasonable period of time;" 3) injunctive relief; and 4) attorneys' fees. Ex. A, Compl. at pp. 14–15.

3. On March 11, 2019, Epic Games signed a waiver of service pursuant to Section 2-213 of the Illinois Code of Civil Procedure. Ex. A, Waiver of Service (pp. 33–34 of PDF).

4. Promptly after filing this Notice of Removal, Epic Games will give written notice of the removal to Plaintiff through his attorneys of record in the State Court Action, as well as to the Clerk of the Cook County Circuit Court, as required by 28 U.S.C. § 1446(d).

5. The State Court Action may properly be removed to the United States District Court for the Northern District of Illinois, Eastern Division because the State Court Action's class claims give rise to jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d).

6. Epic Games does not make or intend to make any admission of fact, law, liability, or damages in this Notice of Removal. Epic Games reserves all defenses, affirmative defenses, objections, and motions. Epic Games also does not waive, and expressly reserves, all rights to challenge the propriety of certification under the applicable rules.

## THE NOTICE OF REMOVAL IS TIMELY

7. In accordance with 28 U.S.C. § 1446(b), Epic Games is timely filing this Notice of Removal within the 30-day period after having waived service. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Epic Games executed and returned a waiver of service on March 11, 2019, which commenced the 30-day period. 735 Ill. Comp. Stat. 5/2-213(d) ("When a waiver of service is filed by the plaintiff with the court, the action shall

proceed as if a summons and complaint had been served at the time of filing of the waiver, and no proof of service shall be required."). Therefore, this removal is timely. *See Brown v. Macon-Bibb Cty. Planning & Zoning Comm'n*, No. 5:07-cv-00161-HL, 2007 WL 2212659 at *1–2 (M.D. Ga. July 30, 2007); *Dale v. Comcast Corp.*, 453 F. Supp. 2d 1367, 1370 n.1 (N.D. Ga. 2006).

8. Epic Games has not filed a responsive pleading in the State Court Action and no other proceedings have transpired in the State Court Action.

## THE COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS PURSUANT TO CAFA

9. This Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members exceeds $5,000,000, exclusive of interests and costs. *Id.* CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. This case meets all of CAFA's requirements for removal, it is timely, and it is properly removed by the filing of this Notice.

**I. The State Action is a Class Action.**

10. The State Court Action has been styled as a "Class Action Complaint" and repeatedly references the purported class. *See* Ex. A, Compl. Caption, Title, ¶ 13. *See also* Ex. A, Compl. ¶¶ 41–48 (citing 735 Ill. Comp. Stat. 5/2-801).

**II. Minimum Diversity Exists.**

11. Minimum diversity exists under CAFA when any plaintiff, or prospective class member, is diverse from any defendant. 28 U.S.C. § 1332(d)(2)(A). As correctly alleged in the Complaint, Defendant Epic Games "is a Maryland corporation that is headquartered in North Carolina." Ex. A, Compl. ¶ 14. The named Plaintiff in the State Court Action is Eric Krohm, "a

resident and citizen of the State of Illinois." Ex. A, Compl. ¶ 15. Accordingly, minimum diversity exists for purposes of 28 U.S.C. § 1332(d)(2)(A) for all Counts of the Complaint.

12. The Complaint's Count I is limited to the purported Illinois Subclass: "[a]ll Illinois residents whose [personally identifiable information ("PII")] and/or [credit card and payment information ("Payment Information")] was in the possession of Defendant at any time during the two-month period starting at the beginning of November 2018 through the end of December 2018." Ex. A, Compl. ¶ 41. Thus, as to Count I, complete diversity exists between the Count I plaintiffs who reside in Illinois and North Carolina-based Epic Games.

13. For Counts II through IV, Plaintiff's class definition is not limited in geographic scope. Rather, Plaintiff seeks to represent, and defines as the prospective class in the State Court Action, "[a]ll persons whose PII and/or Payment Information was in the possession of Defendant at any time during the two-month period starting at the beginning of November 2018 through the end of December 2018." Ex. A, Compl. ¶ 41. As such, Plaintiff seeks to represent a class of persons and entities nationwide and, conceivably, spanning the entire world. Accordingly, minimal diversity exists for purposes of removal under CAFA for Counts II through IV as well.

**III. There Are at Least 100 Members in Plaintiff's Putative Class.**

14. CAFA requires the existence of at least 100 members in Plaintiff's putative class. 28 U.S.C. § 1332(d)(5)(B). As noted above, Plaintiff seeks to represent "[a]ll persons whose PII and/or Payment Information was in the possession of Defendant at any time during the two-month period starting at the beginning of November 2018 through the end of December 2018." Ex. A, Compl. ¶ 41. Plaintiff further alleges that, "[u]pon information and belief, there are hundreds of thousands, if not millions, of members of the Class…." Ex. A, Compl. ¶ 43. As set forth in the Declaration of Matthew Weissinger ("Weissinger Decl."), attached as "Exhibit B," as of

November 26, 2018, there were "approximately 200 million registered account holders" of *Fortnite* who would fit into Plaintiff's putative class. Ex. B, Weissinger Decl. ¶ 3.

15. Based upon this evidence, and Plaintiff's own allegations that the class numbers are "hundreds of thousands, if not millions," Ex. A, Compl. ¶ 43, CAFA's requirement for a prospective class over 100 members has been met and removal is appropriate.

## IV. The Amount in Controversy Exceeds $5 Million.

16. CAFA authorizes the removal of a class action in which the amount in controversy for all potential class members exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332. That threshold is met here. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). No presumption against removal to federal court exists where the removal is based on CAFA. *See id.*

17. Defendants deny Plaintiff's claims of wrongdoing, but the allegations in the Complaint, and the total amount of compensatory damages, punitive damages, attorneys' fees, injunctive relief and other monetary relief at issue in this action, on an aggregate, class-wide basis, would exceed this Court's jurisdictional minimum of $5 million.

18. For instance, in his Complaint, Plaintiff requests an order "[r]equiring Defendant to furnish identity fraud monitoring and mitigation services for a reasonable period of time." Ex. A, Compl. at p. 15 (prayer for relief). This, alone, suffices to meet the Court's jurisdictional minimum of $5 million when aggregated to include the 200 million alleged potential class members. Ex. B, Weissinger Decl. ¶ 3; *see also* Ex. A, Compl. ¶ 43 ("Upon information and belief, there are hundreds of thousands, if not millions, of members of the Class….").

19. As set forth in the attached Declaration of Jeffrey S. Jacobson ("Jacobson Decl."), attached as "Exhibit C," even if the only relief Plaintiff were to obtain in this action on behalf of

5

the putative class is the provision of "fraud monitoring and mitigation services" to class members for a year, this would cost Epic Games more than $5 million. A well-established vendor of these services stated that $5 million would purchase a suite of fraud monitoring and mitigation services for no more than 315,500 concurrent users—a small fraction of the 200 million account holders of *Fortnite* as of November 2018. *See* Ex. C, Jacobson Decl. ¶ 7.

20. Because the Complaint defines the putative class in the broad and inclusive manner noted above and because the Complaint seeks relief amounting to greater than $5 million, Epic Games has demonstrated by a preponderance of the evidence that the amount in controversy for all potential class members exceeds $5 million.

## **CONCLUSION**

21. This case meets all of CAFA's requirements for removal, the case is properly removed by the filing of this Notice, and this Notice is timely. Moreover, this Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

22. WHEREFORE, having provided notice as required by law, Defendant Epic Games respectfully requests that the above-captioned action be duly removed from Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: April 8, 2019                                  KELLEY DRYE & WARREN LLP


                                                      By: **/s/ Jeffrey S. Jacobson**
                                                          Jeffrey S. Jacobson
                                                          Matthew C. Luzadder
                                                          Constantine Koutsoubas
                                                          333 West Wacker Drive, 26th Fl.
                                                          Chicago, Illinois 60606
                                                          Phone: 312-857-7070
                                                          Fax: 312-857-7095
                                                          *Attorneys for Defendant*
                                                          *Epic Games, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2019, I caused a copy of the Notice of Filing of Notice of Removal and the attached Notice of Removal upon:

TO: **Via Electronic Filing in Cook County Case No. 2019-CH-02032**

Dorothy Brown
Clerk of the Circuit Court, Cook County
Richard J. Daley Center
50 West Washington - Suite 1001
Chicago, IL 60602


**Via Hand Delivery**
Myles McGuire
Jad Sheikali
Timothy P. Kingsbury
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
(312) 893-7002
mmcguire@mcgpc.com
jsheikali@mcgpc.com
tkingsbury@mcgpc.com


*Attorneys for Plaintiff Eric Krohm*


Dated: April 8, 2019                     **/s/ Constantine Koutsobas**
                                          Constantine Koutsoubas